```
 1  RANDY S. GROSSMAN
    Acting United States Attorney
 2  CARLOS ARGUELLO
    Assistant U.S. Attorney
 3  CA State Bar No. 157162
    Office of the U.S. Attorney
 4  880 Front St., Room 6293
    San Diego, CA 92101-8893
 5  Tel.: (619) 546-6684

 6  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
```



FILED
DEC 0 6 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SERGEY MOROZOV,<br><br>　　　　Defendant. | Case No.: 21-CR-2889-BAS<br><br>**PLEA AGREEMENT** |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, Acting United States Attorney, and Carlos Arguello, Assistant U.S. Attorney, and defendant SERGEY MOROZOV, with the advice and consent of Jeremy D. Warren, counsel for defendant, as follows:

//
//
//
//
//
//
//

ca:12/6/21

Def. Initials ____

# I

# THE PLEA

A. THE CHARGES

Defendant agrees to plead guilty to a Superseding Information charging defendant with:

## Count 1

On or about September 13, 2021, within the Southern District of California, defendant SERGEY MOROZOV, knowingly and intentionally did forcibly assault a person designated in Title 18, United States Code, Section 1114, to wit: United States Department of Homeland Security, Customs and Border Protection Officer C. Tula, while Officer C. Tula was engaged in the performance of his official duties; in violation of Title 18, United States Code, Section 111(a)(1), a misdemeanor.

B. DISMISSAL OF UNDERLYING INFORMATION

The Government agrees further to move to dismiss the underlying Information, without prejudice, when defendant is sentenced, and (2) not prosecute defendant thereafter on such dismissed charge unless defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. Defendant expressly waives all constitutional and statutory defenses to the reinstatement of any charges dismissed pursuant to this agreement.

C. PRESERVATION OF EVIDENCE

Defendant agrees further that, following entry of defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case.

# II

# NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:


2

Def. Initials [signature]
21-CR-2889-BAS

1. The defendant knowingly and intentionally did forcibly assault a federal officer; and,

2. The defendant did so while the federal officer was engaged in the officer's official duties.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On September 13, 2021, within the Southern District of California, United States Customs and Border Protection ("CBP") Officer C. Tula was assigned to patrol the pre-primary vehicle lanes at the Otay Mesa Port of Entry, in the performance of his official duties. The officer was dressed in his CBP uniform that identified him as an officer.

2. At approximately 6:50 a.m., Defendant SERGEY MOROZOV drove a Honda Odyssey minivan to the pre-primary vehicle lanes at the Otay Mesa Port of Entry. As Defendant drove into lane no. 8 at the port, Officer Tula saw the minivan and approached towards its front.

3. Officer Tula motioned to Defendant to provide identification. Defendant presented what appeared to be some type of I.D. card but the officer was unable to see what it was. The officer was positioned several feet in front of the minivan towards the driver's side corner by the headlights.

4. Defendant looked at Officer Tula and motioned towards the car's visor as if to retrieve another form of identification. Officer Tula observed that while Defendant appeared to look towards the visor, Defendant suddenly and intentionally accelerated the minivan forward in the lane and past the officer. Officer Tula moved to the side of the car to avoid getting hit. However, the front left corner of the Honda clipped the officer's hand and forearm. The officer ordered Defendant to stop his car.

5. Defendant proceeded in lane no. 8 towards the inspection area but other motorists were in line and he stopped the car. Officer Tula and other CBP officers approached the Defendant and the Honday Odyssey, and ordered him to get out of the car. Defendant refused and officers struggled with the Defendant to remove him from the car. Officers

3

Def. Initials _____
21-CR-2889-BAS

eventually pulled Defendant from out of the driver's seat and handcuffed him.

### III

### PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

A.  A maximum 1-year in prison;

B.  A maximum $100,000 fine;

C.  A mandatory special assessment of $25.00; and,

D.  A term of supervised release of up to one year. Defendant understands that failure to comply with any of the conditions of supervised release or probation may result in revocation of supervised release or probation, requiring defendant to serve up in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages;

D.  Confront and cross-examine adverse witnesses;

E.  Testify and present evidence and to have witnesses testify on behalf of Defendant; and

F.  Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that, because Defendant is not a citizen of the United States, Defendant's conviction in this case may have adverse immigration consequences, including Defendant's removal or deportation from the United States. Defendant

4

Def. Initials _____
21-CR-2889-BAS

may also be denied United States citizenship and admission to the United States in the future.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened defendant or defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands that the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute.

Def. Initials /\_\_\_\_
21-CR-2889-BAS

It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation about what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and **is not binding on the Court**. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea

X

## PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level and Adjustment:

1. Base Offense Level [§ 2A2.4(a)]         10
2. Physical Contact [§ 2A2.4(b)(1)(A)]     +3
3. Acceptance of Responsibility [§ 3E1.1]  -2

B. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

C. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend 60 days in the custody of the Attorney General. The parties agree to **waive that a Presentence Report be prepared**. The Court's failure to follow this recommendation does not constitute a basis to withdraw the guilty plea.

D. SPECIAL ASSESSMENT, FINE, RESTITUTION, FORFEITURE

The parties will jointly recommend that the Court waive any fine as the Defendant has no means to pay a fine, and remit any special assessment as uncollectable as Defendant will be removed to his native country after sentencing.

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. The only exception is defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A. Failing to plead guilty pursuant to this agreement;

B. Failing to fully accept responsibility as established in Section X, paragraph B, above;

C. Failing to appear in court;

Def. Initials _____
21-CR-2889-BAS

D.  Attempting to withdraw the plea;

E.  Failing to abide by any court order related to this case;

F.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the

Def. Initials _____

21-CR-2889-BAS

defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

### XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

### XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//

Def. Initials
21-CR-2889-BAS

## XV

## **DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

RANDY S. GROSSMAN
Acting United States Attorney

12/6/21
DATED

CARLOS ARGUELLO
Assistant U.S. Attorney

12/6/21
DATED

JEREMY D. WARREN
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

12/6/21
DATED

SERGEY MOROZOV
Defendant

Approved by:

*Michael A. Deshong*
Michael A. Deshong
Assistant U.S. Attorney

Rev. 6/27/2017 JSS:kst

11

Def. Initials
21-CR-2889-BAS